**CAI PING KE, Li Feng Wu, aka Li Feng Woo, Petitioners,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* United States Department of Justice, Respondents.**

No. 08–0707–ag.

United States Court of Appeals, Second Circuit.

July 7, 2009.

Richard Tarzia, Belle Mead, NJ, for Petitioners.

Gregory G. Katsas, Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Scott Rempell, Attorney; Tiffany R. Hanson, Law Student Intern, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, WALKER, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Attorney General Michael B. Mukasey as a respondent in this case.

### SUMMARY ORDER

Petitioners Cai Ping Ke and Li Feng Wu, natives and citizens of the People's Republic of China, seek review of a January 15, 2008 order of the BIA denying their motion to reopen. *In re Cai Ping Ke, Li Feng Wu,* Nos. A098 642 647, A098 642 648 (B.I.A. Jan. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying the petitioners' motion to reopen.

Petitioners argue that the BIA erred in concluding that they failed to submit new, previously unavailable evidence demonstrating their *prima facie* eligibility for relief. However, we have previously reviewed the BIA's consideration of similar evidence and have found no error in its conclusion that such evidence was insufficient to establish a reasonable possibility of persecution. *See id.* (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Moreover, contrary to petitioners' argument, the record does not suggest that the BIA ignored material evidence in determining that they failed to demonstrate their *prima facie* eligibility for relief. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006); *cf. Jian Hui Shao,* 546 F.3d at 160 (finding that the BIA reasonably concluded that "unattributed 'reports' of forced sterilization that lack[ ] any specificity as to number or circumstance" do not, by themselves, demonstrate a reasonable possibility that a petitioner will face future persecution).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).